AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| MAX FISHKIND, | ) Case No.  1:25-MJ-127(DJS) |
| | ) |
| | ) |
| | ) |
| | ) |
| **Defendant** | ) |

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
APR 2 9 2025
AT_____ O'CLOCK
John M. Domurad, Clerk - Albany

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 23, 2024 in the county of Ulster in the Northern District of New York the

defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Sexual Exploitation of a Minor |

This criminal complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

FBI Task Force Officer Daniel Scali
_____
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:    April 29, 2025
_____

_____
*Judge's signature*

City and State:    Albany, NY
_____

Hon. Daniel J. Stewart, U.S. Magistrate Judge
_____
*Printed name and title*

### <u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Daniel Scali, being duly sworn, do hereby depose and state as follows:

### <u>INTRODUCTION AND AGENT BACKGROUND</u>

1.       I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code.

2.       I am an Investigator employed by the New York State Police and a Task Force Officer with the United States Department of Justice, Federal Bureau of Investigation ("FBI"). I am assigned to the Albany Field Office and specifically to a squad investigating federal violations concerning child pornography and the sexual exploitation of children. I have gained experience investigating such crimes through training, seminars, classes, and everyday work related to conducting these types of investigations. I have been an Internet Crimes Against Children (ICAC) Investigator since 2018.  Previously I was assigned to the New York State Police Computer Crime Unit, where I have experience investigating subjects who have exploited children, typically by transmitting Child Sexually Abusive Material using computers connected to the Internet.  My current duties include investigating criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography in violation of 18 U.S.C. §§ 2251, 2252(a) and 2252A. I have received training in the area of child sexual exploitation and have observed and reviewed numerous examples of child pornography in all forms of media including computer media. My investigative experience includes interviewing victims and witnesses, as well as conducting searches of physical locations, social media, and electronic devices pursuant to court order or consent.

1.       This affidavit is founded on my personal knowledge based on my participation in this investigation, including the review of reports by myself and other law enforcement agents,

1

communication with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts known to me regarding this investigation.

2.    I submit this affidavit in support of a criminal complaint and arrest warrant charging MAX FISHKIND with violating Title 18, United States Code, Sections 2251(a) (employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct).

## DETAILS OF THE INVESTIGATION

### Background on MAX FISHKIND

3.    MAX FISHKIND is a 24-year old male who resides in New Paltz, New York.

4.    Based on a review of relevant communications and evidentiary materials, it appears that at all relevant times to this investigation, FISHKIND used a smartphone connected to the social media application known as Snapchat. At all relevant times, FISHKIND utilized Snapchat accounts with the usernames "Mlaf08" and "mightymaximus08."

### Background on John Doe #1

5.    John Doe #1 is a 16-year-old male born in 2008 who resides in Florida.

6.    At all relevant times in this investigation, John Doe #1 used his personal Apple iPhone smartphone, which allowed him to communicate over voice, text message, Facetime, and through other smartphone applications to include Snapchat.

### Probable Cause

7.    On November 3, 2021 a parent of a minor residing in Maryland born in 2007 ("Minor Victim 1") called the FBI National Threat Operations Center to report possession of child pornography by an individual located in Houston, Texas named Max Louis Fishkind. The parents

2

of Minor Victim 1 were made aware of this after the older brother of Minor Victim 1 found a cell phone in Minor Victim 1's bedroom and looked through it because Minor Victim 1 was not supposed to have a phone. The older brother of Minor Victim 1 observed conversations that were sexual in nature as well as nude images and videos of Minor Victim 1 and an individual whose name was saved on the device as "Maxf." The older sister of Minor Victim 1 sent "Maxf" a message utilizing the found phone and Minor Victim 1's Snapchat account requesting a video call. "Maxf" sent a zoom link via Snapchat with the host name of a personal meeting being Max Louis Fishkind. The brother and sister of Minor Victim 1 gave their parents the phone and told them about what they located.

8.     On December 9, 2021, a Child Adolescent Forensic Interview ("CAFI") was conducted with Minor Victim 1 and a consent to assume online identity authorization form was completed. FBI Houston logged into Minor Victim 1's Snapchat account and was able to see a string of messages from the snapchat user "max [4 emoji hearts]," identified as username "mightymaximus08." FBI Houston identified a selfie picture of an adult male who they identified though open-source searches as FISHKIND.

9.     On April 17, 2024, FBI Houston served an administrative subpoena to Charter Communications for login IP addresses associated with FISHKIND's Snapchat account. The response from the subpoena to Charter Communications showed a subscriber believed to be FISHKIND's father, with a service address of a residence in New Paltz, New York.

10.    FBI Houston conducted open-source searches and located a Facebook account associated with FISHKIND. According to FISHKIND's profile, he was employed in New Paltz, New York. FBI Houston therefor sent a request to FBI Albany to attempt to locate and interview FISHKIND.

3

11.    On September 24, 2024, I, along with additional law enforcement personnel, interviewed FISHKIND. He was not under arrest or placed in custody at the time of the interview. During the interview, FISHKIND confirmed that he had lived in Houston, Texas and moved to New York approximately one year ago. FISHKIND also confirmed that he set up Snapchat accounts with usernames of "Mlaf08" and "Mightymaximus08." FISHKIND confirmed that he utilizes these accounts for the purpose of speaking with individuals who he knows to be between 13 and 16 years old. FISHKIND also stated that he does exchange nude pictures and videos, including masturbation images, with these individuals who he believes to be between 13 and 16 years old. FISHKIND stated that he had utilized Snapchat as recently as September 23, 2024 for the purpose of exchanging nude pictures and videos, and to masturbate with a minor victim who he believed to be 16 years old.

12.    FISHKIND provided FBI Special Agent Dominick Canty and I consent to search the contents of his cell phone, which was an Apple iPhone. FISHKIND further consented to unlocking the Snapchat application by utilizing his Face ID. Special Agent Canty asked FISHKIND to point to the individual FISHKIND had communicated with the day prior, and FISHKIND pointed to a Snapchat conversation with John Doe #1 on FISHKIND'S Snapchat account with username mightymaximus08. Upon opening the conversation, Special Agent Canty observed two videos of what he reported to be John Doe #1, who appeared to be between 14 and 16 years of age, masturbating and ejaculating. FISHKIND glanced at the videos and advised the videos are of John Doe #1.

13.    FISHKIND consented to the seizure of his phone by FBI, and it was thereafter placed into evidence. A subsequent forensic examination established that the phone itself did not contain the content of the Snapchat conversations. Accordingly, on October 23, 2024 I applied for

4

and obtained a search warrant requiring Snapchat to disclose records, including stored communications, for the accounts with usernames "Mlaf08" and "Mightymaximus08."

14.     Located within the Snapchat warrant return were multiple videos, pictures and conversations with an account later identified as belonging to John Doe #1. Within these was a video, having an MD5 hash of **05abd5a7db85738c6b8ba5189e331e08**, which was sent from John Doe #1's Snapchat account to FISHKIND's "Mlaf08" account on September 24, 2024 at 2:45 am UTC (the "VIDEO"). This is the video that FISHKIND had shown the FBI on September 24, 2024. The VIDEO depicts an age-indeterminate male masturbating and ejaculating. On September 25, 2025, at 1:02 pm UTC, FISHKIND responded to the VIDEO and said, "Hun, I'm so sorry. I think I may have fallen asleep. I see you had a nice cumshot."

15.     Through investigation, the FBI was able to identify John Doe #1. On April 17, 2025, John Doe #1 was interviewed in a CAFI. John Doe #1 confirmed that he created the Snapchat account from which the VIDEO had been sent to FISHKIND. John Doe #1 stated that he met FISHKIND (who he referred to as "Max") on Snapchat when he was 15 years old through a quick ad feature on Snapchat when FISHKIND said "hi." John Doe #1 did not know FISHKIND prior to that. John Doe #1 stated that FISHKIND told him that he was 17 and John Doe #1 stated that FISHKIND knew that he was 15.

16.     John Doe #1 stated that in the beginning FISHKIND would just ask him about school and what video games he liked to play. John Doe #1 stated that eventually FISHKIND sent him numerous pictures and videos of himself masturbating and asked John Doe #1 to do the same to himself and send them to FISHKIND. John Doe #1 stated that he sent numerous pictures and videos of his penis and of himself masturbating at the request of FISHKIND.

17.     John Doe #1 was shown a picture of a penis that was a screenshot from the VIDEO. John Doe #1 identified the penis in the photograph as his own penis.  John Doe #1 stated that he was 15 when he sent that picture to FISHKIND and that he did so at FISHKIND's request.

18.     John Doe #1 stated that he later learned that FISHKIND was an "older" adult and sent him a message on Snapchat which, in sum and substance, stated that he could not date someone who was 9 years older.

19.     On April 29, 2025, I interviewed FISHKIND, who was not under arrest or placed into custody at the time of the interview.  FISHKIND admitted that he has a sexual interest in minors aged 9 to 15 and had obtained masturbation videos from minors over the internet after coaching them on how to make the videos.  He felt a gratification when he convinced them to do things he wanted them to do.  I showed FISHKIND the VIDEO and he confirmed that he obtained it from John Doe #1 after coaching him on how to make it.  FISHKIND also admitted that he lied to John Doe #1 and told him he was only 17 years old.

## CONCLUSION

20.     Based on the foregoing, I submit that there is probable cause to conclude that on or about September 23, 2024, in New Paltz, New York, and elsewhere, defendant MAX FISHKIND did violate Title 18, United States Code, Section 2251(a), in that he:

a.  did use, persuade, induce, entice, and coerce and attempt to use, persuade, induce, entice, and coerce a minor, that is John Doe #1, a male child born in 2008 whose identity is known to law enforcement, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in an affecting such commerce, and where the visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and where such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce, and in and affecting such commerce,

Attested to by the affiant,

Daniel Scali
FBI Special Agent

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on April 29, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure:

Hon. Daniel J. Stewart
United States Magistrate Judge

7