

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *445 Broadway, Room 218* | *Tel.: (518) 431-0247* |
| *James T. Foley U.S. Courthouse* | *Fax: (518) 431-0249* |
| *Albany, New York 12207-2924* | |

July 24, 2025

**BY ECF**

Hon. Daniel J. Stewart
U.S. Magistrate Judge
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

> RE:   **United States v. Max Fishkind, No. 1:25-MJ-127 (DJS)**

Dear Judge Stewart:

We respectfully submit this letter in opposition to the defendant's letter requesting reconsideration of the Court's detention order based on information that was purportedly "not before the Court" at the time of the detention hearing that Your Honor held on May 5, 2025 (Dkt. # 20). Motions to reopen a detention hearing pursuant to 18 U.S.C. § 3142(f) require the movant to demonstrate that the new information was (1) unavailable at the time of the original detention hearing; and (2) would have been material to the court's original detention decision. The defendant falls far short of meeting this exacting standard. All of the information that he now proffers was already available to the defense in May and should not, in any event, cause the Court to revisit its earlier detention decision. Accordingly, as explained in more detail below, the motion should be denied without a hearing.

**BACKGROUND**

On April 29, 2025, the government obtained the criminal complaint in this proceeding charging the defendant with one count of sexual exploitation of a minor born in 2008 on or about September 23, 2024. In sum, the complaint alleges that the defendant utilized Snapchat to communicate with minors, lied about his age and pretended he was a minor, and induced these minors to create and send to the defendant masturbation videos. The defendant admitted in an interview with the FBI that he has a sexual interest in minors aged 9 to 15 and has coached minors over the internet to make these videos. This conduct had gone on for years, and he told the FBI that he felt a sense of gratification when he was able to trick a minor into creating these child pornography videos. *See generally* Dkt. #1.

Page 2

The defendant was arrested and made his initial appearance before Your Honor on May 1, 2025.  At the initial appearance, the government sought a detention hearing under 18 U.S.C. § 3142(f)(1)(E), noting this is an offense for which Congress has prescribed a presumption in favor of pretrial detention under 18 U.S.C. § 3142(e)(2)(E).  On May 5, 2025, Probation completed and filed a pretrial services report, which recommended the defendant's pretrial detention on the basis that there is no condition or combination of conditions to reasonably assure the safety of the community.

At the detention hearing, defense counsel argued vigorously against detention.  *See* May 5, 2025 Transcript ("5/5/25 Tr.") at 9:10-12:4 (attached as Exhibit ("Ex.") A).  Defense counsel specifically argued that Probation was incorrect in asserting that the defendant's father had placed restrictions on the internet in the home, informed the Court that the defendant's father was present in court and could answer any questions the Court had, and informed the Court that the defendant's father had "advance capabilities and knowledge" that would allow him to effectively prohibit the defendant from accessing the internet.  *Id.*

The Court carefully considered the defendant's arguments and ultimately found that it could not set conditions that would reasonably assure the safety of the community.  *See id.* at 12:14-14:12.  In so holding, the Court noted that, "in a case such as this, where the danger to the community is based really in essence on his ability to access the Internet, unless I had some real significant assurance that that could be done, I don't believe that I could set conditions." *Id.*  The Court noted, "I'm certainly willing . . . if you want to submit further information with regard to an evaluation of his condition.  I am cognizant of his nature of autism, but that doesn't help me as far as protecting the public . . . my concern, based upon this conduct, it's extremely serious and I'm concerned about the risk that this could reoccur, and right now I don't see how I can set conditions." *Id.*

## LEGAL STANDARD

Under the Bail Reform Act, a detention hearing

> may be reopened . . . at any time before trial *if the judicial officer finds that information exists* [1] *that was not known to the movant at the time of the hearing and* [2] *that has a material bearing on the issue* whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f) (emphasis supplied).  As the statute makes clear, a detention hearing should not be reopened because of information that was available to the defendant at the time of the hearing.  *See, e.g.*, *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).  Thus, "[a]ffidavits and letters from the defendant's family and friends are insufficient to warrant reconsideration." *United States v. Lewis*, 2016 WL 6902198, at *2 (S.D.N.Y. Nov. 16, 2016) (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *Hare*, 873 F.2d at 799).  In other words, the defendant must show "truly changed circumstances, something unexpected, or a significant event" and not just "his own evaluation of his character or the strength of the case against him." *United States v. Rodriguez*, 2012 WL 6690197, at *8 (W.D.N.Y. Dec. 21, 2012) (internal quotation

Page 3

omitted).

<u>**ARGUMENT**</u>

**I.      The Defendant Has Not Supplied New Information**

The defendant has provided no information not previously provided to the Court at the original detention hearing or available to the defendant at that hearing. The Bail Reform Act requires a showing that the additional information is either new or could not have been introduced at the detention hearing. *See* 18 U.S.C. § 3142(f). Here, the motion attaches letters of support from the defendant's: (1) father, who was present at the hearing and in his letter recites the same information provided by defense counsel at the hearing; and (2) Licensed Clinical Social Worker with psychotherapy privileges, who last saw the defendant on April 9, 2025 -- nearly a month before the detention hearing. There is not a single representation in the motion – nor could there be – that these materials could not have been submitted or proffered at or around the time of the May 5, 2025 detention hearing (and indeed, the information from the defendant's father was proffered at the hearing).

Simply put, the defendant has offered *no* information that was not already available to him at the detention hearing. This deficiency alone is fatal to the defendant's bid to reopen the hearing. *See Hare*, 873 F.2d at 799 (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new); *Dillon*, 938 F.2d at 1415-16 (district court did not err in declining to reopen detention hearing because affidavits from defendant's friends and family "was not new information within the meaning of § 3142(f)"); Decision & Order at 6, *United States v. Civitello*, No. 1:21-cr-386 (MAD) (N.D.N.Y. Feb. 23, 2022) (Stewart, J.) (denying motion to reopen detention hearing where "extremely competent" counsel "forcefully presented" arguments for release at initial detention hearing and did not "seek an adjournment of the detention hearing . . . to marshal additional information" because "[t]he failure to request a delay in these circumstances is also not a sufficient justification for reopening the detention hearing").[1]

**II.     The Defendant Has Not Supplied Information That Has a Material Bearing on the Court's Prior Detention Decision**

Even looking beyond the staleness of the defendant's tendered information, the motion should be denied on the independent basis that this information does not have a material bearing on the Court's prior decision. While the government does not doubt the sincerity of the defendant's witnesses, the bottom line, as it was in May, is that the defendant has engaged in the calculated, compulsive, and longstanding sexual exploitation of minors using the internet and his autism only makes him more likely to compulsively continue that behavior if released. Kind words from a

---

[1] There is some caselaw holding that aside from 18 U.S.C. § 3142(f), district courts have a general inherent authority to reconsider their prior bail rulings. *See United States v. Maxwell*, 510 F. Supp. 3d 165, 169 (S.D.N.Y. 2020) (Nathan, J.) (collecting cases). Still, reconsideration under a court's inherent authority is not unlimited and typically requires the movant to establish that the court "overlooked information or incorrectly applied the law," or that a failure to reconsider "would constitute manifest injustice." *United States v. Petrov*, 2015 WL 11022886, at *3 (S.D.N.Y. Mar. 26, 2015). Here, no such showing has been attempted, much less established.

Page 4

father and a licensed social worker cannot assuage the Court's well-founded concerns about the risks that this defendant poses to minors and the sheer inability to effectively monitor his use of the internet. *See United States v. Minnici*, 128 F. App'x 827, 830 (2d Cir. 2005) (affirming district court's determination that effective monitoring of the defendant would be practically impossible, where defendant committed one of the charged offenses from his home, using the internet). Nor is the defendant's proposal to engage in GPS monitoring sufficient to reasonably assure the Court of the safety of the community, given the ease with which such devices can be removed. *See United States v. Orena,* 986 F.2d 628, 632 (2d Cir. 1993) (recognizing ease with which electronic monitoring can be circumvented).

Indeed, the letter from the defendant's social worker only strengthens the need for pretrial detention. As an initial matter, the defendant appears to shoehorn this letter as the kind of clinical evaluation the Court indicated it might subsequently consider, in light of his autism, at the original detention hearing. *See supra.* But tellingly, the letter and the social worker's biography, available at https://www.eopapsych.com/christopher-dennehy, do not indicate that this individual has any training or experience, much less expertise, in the area of child sex offender risk assessment. So the social worker's assertion that the defendant "does not present a danger to the community" is callously unsubstantiated and does not merit consideration. Moreover, and troublingly, the letter demonstrates that the defendant engaged in the charged child exploitation offense while under the supervision and care of that social worker in "biweekly individual psychotherapy" sessions, the primary goal of which, according to the social worker, was for the defendant to obtain "a monogamous satisfying age-appropriate relationship." Thus, the letter further substantiates the serious risk this defendant poses to the public if released, given that he engaged in this compulsive criminal conduct while undergoing frequent therapeutic treatment sessions aimed at fostering age-appropriate romantic relationships.

## III.    The Court Should Not Hold a Hearing

The Court should not hold a hearing on the defendant's motion. As explained above, the defendant has not come close to meeting his burden to reopen the detention hearing under the Bail Reform Act because he has not presented new and material information. So a hearing is not merited under that statute. Along a similar vein, even if the Court were to reconsider its prior determination under its inherent authority (and it should not), a hearing is unnecessary because the briefing "comprehensively lays out the parties' respective arguments" and "none of the new information has a material bearing on the Court's [prior] determination." *Maxwell*, 510 F. Supp. 3d at 178-79 (denying motion to reopen detention hearing without a hearing).

*    *    *

Page 5

For these reasons, the defendant's motion to for reconsideration of the detention order should be denied in its entirety and without a hearing.

Respectfully submitted,

JOHN A. SARCONE, III
Acting United States Attorney

By:   _/s/ Benjamin S. Clark_____
Benjamin S. Clark
Assistant United States Attorney
Bar Roll No. 703519

cc:   Jeffrey Lichtman, Esq. and Jeffrey Einhorn, Esq. (by ECF)
U.S.P.O. Melyssa Inman (by Email)